Steve W. Berman (*pro hac vice*)
Emilee N. Sisco (*pro hac vice*)
Stephanie A. Verdoia (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
emilees@hbsslaw.com
stephaniev@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Counsel for Plaintiffs and
the Proposed Class*

Jeffrey L. Kessler (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Sofia Arguello (*pro hac vice*)
Adam I. Dale (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
dgreenspan@winston.com
sarguello@winston.com
aidale@winston.com

Jeanifer E. Parsigian (SBN 289001)
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CHUBA HUBBARD and KEIRA MCCARRELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ATLANTIC COAST CONFERENCE; THE BIG TEN CONFERENCE, INC.; THE BIG 12 CONFERENCE, INC.; PAC-12 CONFERENCE; and SOUTHEASTERN CONFERENCE,<br><br>Defendants. | Case No. 4:23-cv-01593-CW<br><br>**DECLARATION OF JEFFREY L. KESSLER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY SETTLEMENT APPROVAL**<br><br>Hon. Claudia Wilken |

I, Jeffrey L. Kessler, declare as follows:

1.     I am a partner at, and Co-Executive Chairman of, Winston & Strawn LLP ("Winston & Strawn"), and counsel for Plaintiffs Chuba Hubbard, Keira McCarrell and the Proposed Classes ("Plaintiffs") in this matter.  I make this Declaration based on my personal knowledge and in support of Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, and if called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.     On July 26, 2024, Plaintiffs entered into the Settlement Agreement (attached hereto as **Exhibit 1**) with National Collegiate Athletic Association, Pac-12 Conference, The Big Ten Conference, Inc., The Big 12 Conference, Inc., Southeastern Conference, and Atlantic Coast Conference (collectively, "Defendants," and together with Plaintiffs, the "Parties").

3.     Myself and the Winston & Strawn team, along with our co-counsel—Steve W. Berman and his team at Hagens Berman Sobol Shapiro LLP ("Hagens Berman")—have zealously represented Plaintiffs in this litigation, including in the negotiation of the Settlement Agreement.

4.     The Settlement Agreement is the product of extensive litigation and arm's-length negotiations between the Parties, and provides for the payment of nearly two-thirds of the Proposed Class's single damages claims, $200,000,000, into a non-reversionary fund, which (after deduction of court-approved fees and expenses) will be disbursed to college athletes who competed on a Division I athletic team any time between April 1, 2019 and September 15, 2024 and would have earned Academic Achievement Awards, absent Defendants' rules and agreements prohibiting such compensation, which this Court previously struck down.  *See In re NCAA Grant-in-Aid Cap Antitrust Litig.*, 375 F. Supp. 3d 1058 (N.D. Cal. 2019), *aff'd sub nom. NCAA v. Alston*, 594 U.S. 69 (2021).

5.     The requirements for class membership at each school are identified in **Exhibit 2** hereto, which mirrors the Appendix filed in Plaintiffs' Reply Memorandum in Support of their Motion for Class Certification.

6.     The Parties reached agreement after over a year of litigation and discovery in this matter, and over five years after this Court rendered its decision in *In re NCAA Grant-in-Aid Cap Antitrust Litigation*.  All Parties were represented by counsel that are experienced and recognized nationally for competently handling large-scale, high-profile antitrust class action litigation, including

1

DECLARATION OF JEFFREY L. KESSLER ISO PLAINTIFFS' PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
CASE NO. 4:23-CV-01593-CW

*In re NCAA Grant-in-Aid Cap Antitrust Litigation*, which struck down the rules prohibiting Academic Achievement Awards.

7. As explained in the Declaration of Steve W. Berman in Support of Plaintiffs' Motion for Preliminary Settlement Approval in *In re College Athlete NIL Litigation* (N.D. Cal. No. 4:20-cv-03919) ("Berman Declaration"), the Parties' settlement talks were facilitated by Professor Eric Green, a widely respected and neutral mediator.  *See* Berman Decl. ¶¶ 6–9.

8. As the Berman Declaration also attests and describes, Plaintiffs selected Verita Global (previously, KCC) as the Notice and Claims Administrator following a competitive bidding process, where three other leading administrators submitted bids in response to Plaintiffs' Request for Proposal. *See id.* ¶ 10.

9. As of July 19, 2024, Winston & Strawn's reported lodestar in this case was $3,156,030 corresponding to 3,599 hours billed, with $199,937 in litigation expenses.

10. As of July 19, 2024, Winston & Strawn's reported lodestar in *In re College Athlete NIL Litigation* was $29,168,257 corresponding to 35,155 hours billed, with $625,510 in litigation expenses.

11. As indicated in the Berman Declaration, as of July 26, 2024 Hagens Berman's lodestar in this case is approximately $1,081,785 corresponding to 1,891.5 hours billed, with $238,598 in litigation expenses.  *See* Berman Decl. ¶ 11.

12. Winston & Strawn and Hagens Berman will seek no more than 20% of the Settlement Fund, plus reimbursement of expenses.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 26th day of July, in New York, New York.


*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler