**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CHUBA HUBBARD and KEIRA MCCARRELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ATLANTIC COAST CONFERENCE; THE BIG TEN CONFERENCE, INC.; THE BIG 12 CONFERENCE, INC.; PAC-12 CONFERENCE; and SOUTHEASTERN CONFERENCE,<br><br>Defendants. | Case No. 4:23-cv-01593 (N.D. Cal)<br><br>**[*REVISED* ~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL AS MODIFIED** |

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of a Class Action Settlement with Defendants National Collegiate Athletic Association ("NCAA"), Atlantic Coast Conference ("ACC"), The Big Ten Conference, Inc. ("Big Ten"), The Big 12 Conference, Inc. ("Big 12"), Pac-12 Conference ("Pac-12"), and Southeastern Conference ("SEC") (collectively, the "Defendants") ("Motion").

WHEREAS, Plaintiffs, on behalf of themselves and the proposed stipulated settlement class ("Settlement Class"), and Defendants, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned matter ("Lawsuit") upon the terms set forth in the Settlement Agreement between Plaintiffs and Defendants NCAA, ACC, Big Ten, Big 12, Pac-12, and SEC ("Settlement Agreement") (attached as Exhibit 1 to the Declaration of Jeffrey L. Kessler in Support of Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, Docket No. 227-3);

WHEREAS, this Court has reviewed and considered the Settlement Agreement entered into between the parties, the record in this case, and the briefs and arguments of counsel;

WHEREAS, Plaintiffs have applied for an order granting preliminary approval of the settlement set forth in the Settlement Agreement ("Settlement") and directing notice to the Settlement Class (defined in Paragraph 3 below) in connection with the Settlement Agreement pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure;

WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the Lawsuit meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have presented sufficient information, pursuant to the Federal Rules of Civil Procedure, to justify directing notice of the Settlement to the Settlement Class; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, finding that it likely will be able to approve the Settlement as fair, reasonable, and

adequate pursuant to Rule 23(e)(2), subject to further consideration at a hearing (the "Fairness Hearing").

2. The Fairness Hearing shall be held before this Court on April 7, 2025, at 10:00 a.m., at the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, CA 94612, to determine whether to approve certification of the Settlement Class for settlement purposes; whether the proposed Settlement of the Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the service awards that should be provided to the class representatives. The Court may reschedule the Fairness Hearing without further notice to the members of the Settlement Class. People wishing to access the hearing remotely will be able to do so via Zoom webinar. Instructions for remote access will be posted on the docket, which is available at https://ecf.cand.uscourts.gov, and on the Court's website, which is available at https://www.cand.uscourts.gov/judges/wilken-claudia-cw/

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, the Settlement Class as follows:

> All current and former NCAA athletes who competed on a Division I athletic team at any time between April 1, 2019 and September 15, 2024 who would have met the requirements for receiving an Academic Achievement Award under the criteria established by their schools for qualifying for such an Award. The Class excludes individuals who released their damages claims as part of the Settlement Agreement in *In re NCAA Grant-in-Aid Cap Antitrust Litigation*, No. 14-md-02541-CW (N.D. Cal. Dec. 6, 2017), Docket No. 746.
>
> The Class excludes the officers, directors, and employees of Defendants. The Class also excludes all judicial officers presiding over this action and their immediate family members and staff.

4. The Court designates Chuba Hubbard and Keira McCarrell as the class representatives for the Settlement Class.

5. The Court designates Winston & Strawn LLP and Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class.

6. Having found that it will likely be able to approve the Settlement and certify the Settlement Class for purposes of settlement, the Court hereby directs Plaintiffs to give notice of the Settlement to the Settlement Class.

7. The Court approves, as modified, as to form and content, the proposed notice forms and other forms, including the Press Release, Email Notice, Postcard Notice, Long Form Notice, and Claim Form, attached as Exhibits 7-11 to the Declaration of Steve W. Berman in Support of Plaintiffs' Supplemental Brief in Support of Motion for Preliminary Approval of Settlement ("Berman Supplemental Declaration"), Docket No. 243, as well as the Digital Notices attached as Exhibit 3 to the Declaration of Carla A. Peak Regarding Settlement Notice Program, Docket No. 227-6 ("Peak Declaration"). The Court further finds the proposed contents of these notices (as modified by the Court), and the proposed plan of notice described in the Peak Declaration and Plaintiffs' Supplemental Brief in Support of Preliminary Approval of Settlement, submitted on September 26, 2024, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court's modifications to the email and long-form notices, press release, and claim form are filed concurrently with this order. Those modifications shall be incorporated into the final version of the notices, press release, and claim form before those documents are disseminated to members of the Settlement Class pursuant to this order. The Court approves the Postcard Notice and Digital Notices without modifications.

8. As part of the Class Notice plan described in the Peak Declaration, Defendant NCAA and Defendant Conferences are ordered to direct their member institutions to provide to the Settlement Administrator reasonably ascertainable information regarding the names and last-known contact information (addresses and/or email addresses) of NCAA Division I student-athletes who meet the criteria for the Settlement Class certified above. To the extent additional student-athlete information is needed to effectuate notice for certain members of the Settlement Class—including but not limited to NCAA Eligibility Center student identification number, academic years on roster, periods of

ineligibility, sport played, position played, grant-in-aid status, and transfer status—Division I member institutions of the NCAA and Defendant Conferences are ordered to provide such information if reasonably ascertainable, along with the names and last-known contact information of student-athletes who satisfy the criteria for the Settlement Class, to the Settlement Administrator. All names and contact information obtained through these sources shall be protected as confidential and not used for purposes other than the notice and administration of this Settlement, or as otherwise ordered by law.

9. The Court appoints the firm of Verita Global, LLC ("Settlement Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a. No later than two weeks after the filing of this Preliminary Approval Order, the Settlement Administrator shall establish a public, case-specific website for the settlements in the above-captioned matter and *In re College Athlete NIL Litigation*, No. 4:20-cv-03919-CW (N.D. Cal.), at the following web address: www.collegeathletecompensation.com. The website shall make available the full version of the Settlement Agreement, the Preliminary Approval Order, the Long Form Notice, and the Claim Form (in both an electronically fillable form and in a format that may be downloaded and/or printed). Additionally, the website shall make available the operative complaint and motions for preliminary and final approval of the Settlement and attorneys' fees and costs (including any supplemental briefing that was filed by the parties in connection therewith); the reports of Plaintiffs' economics expert, Dr. Daniel Rascher, that have been filed in this action; information about how members of the Settlement Class can submit claim forms or supporting documentation to receive payments under the Settlement; and information about the date, time, and location of the Fairness Hearing and instructions for how to access the Fairness Hearing remotely. Class Counsel shall ensure that the settlement website is updated if the date, time, or instructions for remote access for the Fairness Hearing change.

b. Beginning no later than two weeks after the filing of this Preliminary Approval Order (the "Notice Date"), the Settlement Administrator shall commence providing email notice, substantially in the form annexed as Exhibit 8 to the Berman Supplemental Declaration (as modified), to all Settlement Class Members whose email addresses can be identified with reasonable effort; and

   c. Beginning no later than two weeks after the filing of this Preliminary Approval Order, the Settlement Administrator shall commence mailing of the Postcard Notice via the United States Postal Service first-class mail, postage prepaid, substantially in the form annexed as Exhibit 9 to the Berman Supplemental Declaration.

  10. The claims period shall commence two weeks after the filing of this Preliminary Approval Order, and shall continue through and including 105 days after the Notice Date.

  11. Class Counsel shall file their motion for attorneys' fees, costs, and service awards for the class representatives, and all supporting documentation and papers, by 60 days after the Notice Date.

  12. Any person who desires to request exclusion from the Settlement Class must do so by January 31, 2025 (105 days after the Notice Date), and such request for exclusion shall be in the form of a signed letter mailed or otherwise delivered to the Settlement Administrator that is postmarked by January 31, 2025, that includes: (1) the person's name, (2) current address, (3) the person's NCAA EC ID number, if available; (4) a sentence stating, "I want to opt out from the class in *Hubbard v. National Collegiate Athletic Association, et al.*, Case No. 4:23-cv-01593-CW"; and (5) the person's signature.  All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the Settlement funds, and shall not be bound by the final judgments relating to Defendants entered in the litigation.

  13. Any member of the Settlement Class may object in writing to any aspect of the Settlement Agreement or to any motion for attorneys' fees and costs filed by Class Counsel for the Settlement Class.  To object, any member of the Settlement Class must either (1) mail a letter to Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay St., Oakland, CA 94612, that is postmarked no later than January 31, 2025; or (2) file a letter electronically at https://ecf.cand.uscourts.gov no later than January 31, 2025.  The letter must include (1) the objector's full name and address; (2) NCAA ECID number (if available); (3) the case name and number (*Hubbard v. National Collegiate Athletic Association, et. al.*, Case No. 4:23-CV-01593); (4) the reasons for the objection; (5) whether the objector or his or her lawyer (if he or she has one) wishes to be permitted to speak at the Fairness Hearing; and (6) the objector's signature.

14. Any member of the Settlement Class may attend the Fairness Hearing either remotely on in person at his or her own expense, individually or through counsel of his or her own choice. However, members of the Settlement Class will not be permitted to speak at the Fairness Hearing unless (1) they filed a timely objection to the Settlement and requested in the objection to be permitted to speak at the Fairness Hearing; and (2) the Court approves the request.

15. All papers in support of the Settlement and responses by Class Counsel regarding objections and exclusions shall be filed and served by 135 days after Notice Date.

16. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

17. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs or Defendants, respectively, of the truth or falsity of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind.

18. All members of the Settlement Class are temporarily barred and enjoined from instituting or continuing the prosecution of any action filed subsequent to the filing of the Settlement Agreement (Docket No. 227-3), which was filed on July 26, 2024, asserting the claims released in the proposed Settlement Agreement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the Settlement Agreement.

19. Any member of the Settlement Class who does not properly and timely request exclusion, upon final approval of the Settlement Agreement, shall be bound by the terms and provisions of the Settlement Agreement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the Settlement funds.

20. Within seven days of the date this order is filed, Defendants shall file declarations on the docket attesting that they provided notice of the Settlement Agreement to the appropriate federal and state officials as required by the Class Action Fairness Act.

| Event | Date |
|---|---|
| Notice campaign and claims period begins ("Notice date") | October 18, 2024 |
| Allocation estimate available | December 17, 2024 (60 days after Notice date) |
| Motion for attorneys' fees, reimbursement of litigation expenses, and service awards | December 17, 2024 (60 days after Notice date) |
| Exclusion and objection deadline | January 31, 2025 (105 days after Notice date) |
| Claim period closes | January 31, 2025 (105 days after Notice date) |
| Motion for final approval and response to objections (which shall address the number of opt-out requests, objections, and claims submitted) | March 3, 2025 (135 days after Notice date) |
| Final Approval Hearing | April 7, 2025, at 10 a.m. (to be held remotely and in person) |

**IT IS SO ORDERED.**

Dated: October 7, 2024

_____
The Honorable Claudia Wilken
United States Senior District Court Judge
Northern District of California