# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CHUBA HUBBARD and KEIRA MCCARRELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ATLANTIC COAST CONFERENCE; THE BIG TEN CONFERENCE, INC.; THE BIG 12 CONFERENCE, INC.; PAC-12 CONFERENCE; and SOUTHEASTERN CONFERENCE,<br><br>Defendants. | Case No. 4:23-cv-01593-CW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL** |

1. This matter has come before the Court to determine whether there is any cause why this Court should not approve the Class Plaintiffs' ("Plaintiffs") settlement with Defendants National Collegiate Athletic Association ("NCAA"), Atlantic Coast Conference ("ACC"), The Big Ten Conference, Inc. ("Big Ten"), The Big 12 Conference, Inc. ("Big 12"), Pac-12 Conference ("Pac-12") and Southeastern Conference ("SEC") (collectively, the "Defendants"). The Court, having reviewed Plaintiffs' Motion for Final Settlement Approval and Omnibus Response to Objections ("Motion"), the Stipulation and Settlement Agreement ("Settlement Agreement"), the pleadings and other papers on file in this action, including the objections to the settlement, the statements of counsel and the parties, and all statements made at the final approval hearing, hereby finds that the Settlement Agreement should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class, as defined below, and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement. *See* ECF No. 227-3. The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement ("Settlement"), and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, including with respect to each of the factors enumerated in Rule 23(e)(2), and orders that it be consummated pursuant to its terms and conditions.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating this Settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Class":

> All current and former NCAA athletes who competed on a Division I athletic team at any time between April 1, 2019 and September 15, 2024 who would have met the requirements for receiving an Academic Achievement Award under the criteria established by their schools for qualifying for such an Award. The Class excludes individuals who released their damages claims as part of the Settlement Agreement in *In re NCAA Grant-in-Aid Cap Antitrust Litigation*, No. 14-md-02541-CW (N.D. Cal. Dec. 6, 2017), Docket No. 746.

The Class excludes the officers, directors, and employees of Defendants. The Class also excludes all judicial officers presiding over this action and their immediate family members and staff.

4. Pursuant to Federal Rule of Civil Procedure 23(g), the Court confirms that Chuba Hubbard and Keira McCarrell are appointed to serve as the Class Representatives for the Settlement Class.

5. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes only by the Settlement Class in that:

(a) there are at least tens of thousands of geographically dispersed Settlement Class members, making joinder of all members impracticable;

(b) there are questions of law and fact common to the Settlement Class which predominate over individual issues;

(c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class;

(d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; and

(e) resolution through class settlement is superior to individual settlements.

6. The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro, LLP and Winston & Strawn LLP are appointed as Settlement Class Counsel for the Settlement Class.

15. Plaintiffs' notice of the Settlement to the Settlement Class was the best notice practicable under the circumstances. The notice satisfied due process, provided adequate information to the

Settlement Class of all matters relating to the Settlement, and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

16. The Court has reviewed and considered the objections to the Settlement and finds them to be without merit.

17. Certain members of the Settlement Class timely and validly requested exclusion from the Settlement Class, and therefore they are excluded from the Settlement Class. These persons and entities are reflected in the attached **Exhibit A** to this order. Such persons and entities are not included in or bound by this Order as it relates to the Settlement for which they opted out. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained through this Settlement.

19. Without affecting the finality of this Order in any way, this Court hereby retains continuing, exclusive jurisdiction over the Settlement and the Settlement Agreement, including:

(a) implementation of the Settlement and Settlement Agreement;

(b) disposition of the Gross Settlement Fund and distribution to members of the Settlement Class pursuant to further orders of this Court;

(c) determining service awards and attorneys' fees, costs, expenses, and interest;

(d) the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement;

(e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds;

(f) all parties to the Action, Releasors, and Releasees, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with, the Settlement Agreement; and

(g) any other proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement.

20. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to Defendants ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as a Final Judgment, in accordance with the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A



**College Athlete Compensation Settlement**

### Opt Outs - Hubbard

Count: 95

| # | ClaimID | First1 | Last1 |
|---|---|---|---|
| 1 | 10575357901 | AARON JOSHUA | NESMITH |
| 2 | 10327506001 | ALEX JEFFREY | HORNIBROOK |
| 3 | 10072300701 | ALEXANDER CARL | SHAW |
| 4 | 10301716101 | ALEXANDER JORDAN | PERRY |
| 5 | 10059430001 | AL-MALIK | HAUSMAN |
| 6 | 20000646501 | AMARI | CATCHINGS |
| 7 | 9000045201 | AMARVEER | SINGH |
| 8 | 20001783101 | ANTHONY | GILL |
| 9 | 10174446801 | ANTHONY | GOULD |
| 10 | 10145128301 | AVERY DEAN | HENKE |
| 11 | 10122106001 | BELLA SARA KRISTIANA | FISCO |
| 12 | 10264679001 | BREVIN | JORDAN |
| 13 | 10672726601 | BRYCE RAYMOND | NZE |
| 14 | 10289394901 | CADE P | CUNNINGHAM |
| 15 | 10138853601 | CALEB | WILLIAMS |
| 16 | 10074765601 | CAMERON | ECHOLS-LUPER |
| 17 | 10456522601 | CARSON | STRONG |
| 18 | 50004102401 | CARTER | CUNNINGHAM |
| 19 | 10107554601 | CHAD | KELLY |
| 20 | 10138719201 | CHARLESTON | RAMBO |
| 21 | 10147798301 | CHLOE LEE | KITTS |
| 22 | 10264461501 | DAMUZHEA | BOLDEN |
| 23 | 10535880001 | DEMETRIS | HARRIS |
| 24 | 10292998101 | DERRICK | WHITE |
| 25 | 9000039001 | DIXIE | WOOTEN III |
| 26 | 9000041101 | DONELL | PASTER |
| 27 | 10461244701 | DONOVAN JOHN | CLINGAN |
| 28 | 10174134001 | DREW | EUBANKS |

| | | | |
|---|---|---|---|
| 29 | 10577020601 | EDGAR | BURROLA |
| 30 | 10022943801 | ELIJAH | BLADES |
| 31 | 10682167201 | ELIZA | EKSTRAND |
| 32 | 10265601001 | ELLE | MEZZIO |
| 33 | 10669726201 | EMMALINE M | EKSTRAND |
| 34 | 10427953901 | ERICK BERNARD | NEAL |
| 35 | 10301568101 | GREGORY MICHEAL | FRANCIS |
| 36 | 9000040901 | HANNAH | CROFUT |
| 37 | 10228253501 | HASAHN | FRENCH |
| 38 | 10059357401 | HUNTER ALEXANDER | ECHOLS |
| 39 | 10641051901 | IKEM | OKEKE |
| 40 | 50004112101 | ISHMAEL | HYMAN |
| 41 | 10561625401 | JACOB THOMAS-MICHAEL | COX |
| 42 | 10071952101 | JAWON CORTEZ | JOHNSON |
| 43 | 10107952701 | JAYLON | ROBINSON |
| 44 | 10072511901 | JIMMY | BELL |
| 45 | 10271615801 | JOHN | COLLINS |
| 46 | 10132213601 | JONAH | TRINNAMAN |
| 47 | 10267680001 | JORDAN LEWIS | TUCKER |
| 48 | 10168551801 | JORDYN | LIBLER |
| 49 | 10160109801 | JOSHUA ANDREAS | PIERRE-LOUIS |
| 50 | 10064645101 | JOSHUA NOAH | GRAY |
| 51 | 20000008901 | JUSTIN | RAGIN |
| 52 | 9000042401 | KAHLIL | JOHNSON |
| 53 | 10182876701 | KATHRYN | MEYER |
| 54 | 10419992101 | KELLAN | GRADY |
| 55 | 10266791301 | KEVIN | MARFO |
| 56 | 9000035901 | KHYRI | THOMAS |
| 57 | 10071888701 | KYLIN JATAVIAN | HILL |
| 58 | 10228833101 | LAMONT | EVANS |
| 59 | 20000538201 | LOPINI | KATOA |
| 60 | 10168388101 | MADISON | REED |
| 61 | 10661535001 | MALIQUE | JACOBS |
| 62 | 10060945401 | MARCEL MIKAL | DANCY |
| 63 | 9000038701 | MARCUS | WALLACE II |

|    |             |                 |              |
|----|-------------|-----------------|--------------|
| 64 | 10280054601 | MARCUS ANDREW   | ZEGAROWSKI   |
| 65 | 10168446001 | MATTHEW         | ADANIN       |
| 66 | 10607526301 | MAURICE         | ODUM         |
| 67 | 10535918001 | MEKHI           | LAPOINTE     |
| 68 | 60004611701 | MICAH           | PARTEN       |
| 69 | 50004265901 | MICHAEL         | HARLEY       |
| 70 | 10168421601 | MICHAEL LOGAN   | MENNING      |
| 71 | 10282996201 | MONTELL H       | COZART       |
| 72 | 10225092301 | NATHANIEL       | PIERRE-LOUIS |
| 73 | 10064572001 | NAZREON NYRU    | REID         |
| 74 | 10551039701 | NKOSI           | PERRY        |
| 75 | 10119745701 | PALAIE TOFAU    | GAOTEOTE     |
| 76 | 10596118801 | PAUL            | STAMM        |
| 77 | 10228421001 | RASHAD          | WILLIAMS     |
| 78 | 9000043701  | RASHARD         | DAVIS        |
| 79 | 10353654101 | SADDIQ          | BEY          |
| 80 | 10441953201 | STANLEY         | DYE          |
| 81 | 10393308601 | STEPHEN DEON    | CARR         |
| 82 | 10119887501 | TATHAN FRANCIS  | MARTELL      |
| 83 | 60004591901 | TEVIN           | BROYLES      |
| 84 | 10174492401 | TIMMY           | HERNANDEZ    |
| 85 | 10174410901 | TREVON          | BRADFORD     |
| 86 | 10393269001 | TREVON          | SIDNEY       |
| 87 | 10095948901 | TRISTAN         | NICKELSON    |
| 88 | 10126474401 | TRU             | THOMPSON     |
| 89 | 10088826401 | TYJON           | LINDSEY      |
| 90 | 10115387901 | TYLER           | HERRO        |
| 91 | 10278788801 | VANCE           | JACKSON      |
| 92 | 20001203001 | VINCENT         | SAMPSON      |
| 93 | 10071816401 | WESTIN BRANNING | GRAVES       |
| 94 | 10132297501 | ZACHARY         | KATOA        |
| 95 | 10234469301 | ZION            | BETHEA       |