IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUBA HUBBARD, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,<br><br>  Defendants. | Case No. 4:23-cv-01593 CW<br><br>**ORDER REGARDING MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**<br><br>(Re: Dkt. No. 258) |

Now before the Court is Plaintiffs' motion for final approval of a settlement agreement. Docket No. 258. The Court held a hearing on the motion on April 7, 2025.

After carefully reviewing the parties' and the objectors' submissions and considering the arguments made at the April 7, 2025, hearing, the Court finds as follows:

1. The Court tentatively finds that the proposed Settlement Class can be certified for purposes of judgment on the settlement agreement.

2. The Court tentatively finds that it can grant final approval of the settlement agreement as fair, reasonable, and adequate to members of the Settlement Class under Federal Rule of Civil Procedure 23(e)(2) notwithstanding the objectors' arguments, which the Court is inclined to overrule.

3. The parties requested at the hearing on April 7, 2025, that the Court refrain from granting final approval of the settlement agreement in this action unless the Court will also grant final approval of the settlement agreement in *In re College Athlete NIL Litigation*, Case No. 20-cv-3919. That is because the settlement agreement in this case states that the settlement of the claims in this action will not become effective unless the Court grants final approval of the settlement agreement in *In re College Athlete NIL Litigation*, Case No. 20-cv-3919, and the judgment in that case becomes final. The Court will not issue an order granting final approval of

the settlement agreement in this case given that it cannot grant final approval of the settlement agreement in *In re College Athlete NIL Litigation* in its current form.

4. Within fourteen days of the date of this order, the parties may file a modified settlement agreement in this case that provides that the settlement of the claims in this action is no longer contingent on the approval and finality of the settlement agreement in *In re College Athlete NIL Litigation*, Case No. 20-cv-3919. Alternatively, if the parties are not inclined to modify the settlement agreement in the manner just described, each side shall file a separate statement within fourteen days of the date of this order indicating whether there is any new law or new facts that are relevant to their briefing on the pending motion for class certification, Docket No. 149. After the separate statements are filed, the Court will (1) take the pending motion for class certification, Docket No. 149, and related *Daubert* motions, Docket Nos. 165 and 178, under submission for resolution on the papers; and (2) issue an order setting a case schedule.

IT IS SO ORDERED.

Dated: April 23, 2025

CLAUDIA WILKEN
United States District Judge