UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHUBA HUBBARD and KEIRA MCCARRELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ATLANTIC COAST CONFERENCE; THE BIG TEN CONFERENCE, INC.; THE BIG 12 CONFERENCE, INC.; PAC-12 CONFERENCE; and SOUTHEASTERN CONFERENCE,<br><br>Defendants. | Case No. 4:23-cv-01593-CW<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL **AS MODIFIED** |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the Plaintiffs' ("Plaintiffs") settlement with Defendants National Collegiate Athletic Association ("NCAA"), Atlantic Coast Conference ("ACC"), The Big Ten Conference, Inc. ("Big Ten"), The Big 12 Conference, Inc. ("Big 12"), Pac-12 Conference ("Pac-12") and Southeastern Conference ("SEC") (collectively, the "Defendants"). The Court, having reviewed Plaintiffs' Motion for Final Settlement Approval and Omnibus Response to Objections ("Motion"), the Stipulation and Settlement Agreement ("Settlement Agreement"), the pleadings and other papers on file in this action, including the objections to the settlement, the statements of counsel and the parties, and all statements made at the final approval hearing, hereby finds that the Settlement Agreement should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class, as defined below, and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement. *See* ECF No. 227-3. The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement ("Settlement"), and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, including with respect to each of the factors enumerated in Rule 23(e)(2), and orders that it be consummated pursuant to its terms and conditions.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating this Settlement, a Settlement Class as follows, hereinafter referred to as the "Settlement Class":

> All current and former NCAA athletes who competed on a Division I athletic team at any time between April 1, 2019 and September 15, 2024 who would have met the requirements for receiving an Academic Achievement Award under the criteria established by their schools for qualifying for such an Award. The Class excludes individuals who released their damages claims as part of the Settlement Agreement in *In re NCAA Grant-in-Aid Cap Antitrust Litigation*, No. 14-md-02541-CW (N.D. Cal. Dec. 6, 2017), Docket No. 746.

The Class excludes the officers, directors, and employees of Defendants. The Class also excludes all judicial officers presiding over this action and their immediate family members and staff.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court confirms that Chuba Hubbard and Keira McCarrell are appointed to serve as the Class Representatives for the Settlement Class.

5. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes only by the Settlement Class in that:

(a) there are at least tens of thousands of geographically dispersed Settlement Class members, making joinder of all members impracticable;

(b) there are questions of law and fact common to the Settlement Class which predominate over individual issues;

(c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class;

(d) the Class Representatives have, and will continue to, fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class.

6. The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro, LLP and Winston & Strawn LLP are appointed as Class Counsel for the Settlement Class.

8. Plaintiffs' notice of the Settlement to the Settlement Class was the best notice practicable under the circumstances. The notice satisfied due process, provided adequate information to the

Settlement Class of all matters relating to the Settlement, and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

9. The Court has reviewed and considered the objections to the Settlement and finds them to be without merit.

10. Objectors Charlotte North and Mai Nirundorn object to their estimated damages awards on the basis that they are allegedly undervalued. The Court overrules these objections. The Court finds that Plaintiffs' damages allocation formula is fair and reasonable, as it is an objective formula that was based on the opinions of Plaintiffs' economics expert, Dr. Daniel Rascher. It is well-established that it is reasonable and fair to allocate settlement damages among class members according to an objective formula developed in accordance with expert opinion. *See, e.g.*, *In re High-Tech Emp. Antitrust Litig.*, 2015 WL 5159441, at *6 (N.D. Cal. Sept. 2, 2015) (rejecting objection to settlement's damages allocation because the methodology relied on "a neutral and uniform metric . . . consistent with [p]laintiffs' expert opinions").

11. Objectors Sarah Brooke Baker and Katherine Ernst complain that their estimated damages payments will not include payments for the 2023-24 academic year. The Court overrules these objections. Under the terms of the Settlement, only class members who met the requirements for an academic achievement award of their school during the academic years 2019-2020 through 2021-2022 will be eligible to receive payments under the Settlement. That is because Plaintiffs' theory of liability assumes that settlement class members suffered injury only during those years, but not in years after the 2021-2022 school year. To the extent that these objectors do not agree with Plaintiffs' theory of liability or allocation formula, they could have opted out to pursue their claims individually.

12. Objector Michael Mastrodicasa complains that the definition of the Settlement Class—by requiring class members to meet their school's criteria for receiving an Academic Achievement Award—unfairly restricts non-scholarship athletes from receiving payments under the Settlement. Objector Mastrodicasa alleges that some schools and conferences bar student-athletes from receiving Academic Achievement Awards if they are not on an athletic scholarship. He requests that a change be made to the definition of the Settlement Class to include all athletes, irrespective of scholarship status. The Court

overrules this objection. The Settlement Class definition is consistent with Plaintiffs' theory of liability, because it includes only athletes who would have received Academic Achievement Awards absent the conduct challenged in the complaint. Under Plaintiffs' theory of liability, student-athletes who were ineligible to earn Academic Achievement Awards under the criteria established by their schools or conferences suffered no injury from the conduct challenged in the complaint. Thus, the fact that the Settlement Class excludes student-athletes who would not have been eligible for an Academic Achievement Award under the criteria established by their school or conference does not render the Settlement unfair. To the extent that Objector Mastrodicasa disagrees with Plaintiffs' theory of liability, he could have opted out so that he could pursue his claims individually.

13. Certain members of the Settlement Class timely and validly requested exclusion from the Settlement Class, and therefore they are excluded from the Settlement Class. These persons and entities are reflected in the attached **Exhibit A** to this order. Such persons and entities are not included in or bound by this Order as it relates to the Settlement for which they opted out. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained through this Settlement.

14. Without affecting the finality of this Order in any way, this Court hereby retains continuing, exclusive jurisdiction over the Settlement and the Settlement Agreement, including:

(a) implementation of the Settlement and Settlement Agreement;

(b) disposition of the Gross Settlement Fund and distribution to members of the Settlement Class pursuant to further orders of this Court;

(c) determining service awards and attorneys' fees, costs, expenses, and interest;

(d) the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement;

(e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds;

(f) all parties to the Action, Releasors, and Releasees, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other

documents contemplated by, or executed in connection with, the Settlement Agreement; and

(g) any other proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement.

15. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to Defendants ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as a Final Judgment, in accordance with the Settlement Agreement.

16. The Court will resolve Plaintiffs' motion for fees, costs, and service awards, Docket No. 253, in a separate order.

**IT IS SO ORDERED.**

DATED: June 9, 2025

HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE